# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAMONTA JENNINGS,

      Plaintiff,

v.

              Case No. 22-CV-1205-JPS

CHARLES DOMBECK, LAURA
SUKOWATY, HALEY BASSUENER,    **ORDER**
WEINMAN, and MARY MOORE,

      Defendants.

  Plaintiff Damonta Jennings, an inmate confined at Waupun Correctional Institution ("WCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment rights by failing to provide him adequate medical treatment. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

  On October 14, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $24.26. ECF No. 5. Plaintiff paid that fee on November

14, 2023. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that RN Donna Larson conducted an eye exam and diagnosed him with Keratoconus. ECF No. 1 at 2. She recommended that Plaintiff be sent to UW to consult with a specialist due to the rareness of the disease. *Id.* After visiting with Dr. Shilpa G. Reddy of UW Health, on September 22, 2021, she confirmed that Plaintiff had severe Keratoconus and it was progressing at a rapid rate. *Id.*

As an optimal plan of action, Dr. Reddy made the following recommendation to WCI staff: "There is no corneal crosslinking available in a secure facility at UW, it is likely this procedure would help the patient. It would be preferrable for the patient to see a non-UW cornea physician with Crosslinking instead." *Id.* at 2–3.

WCI never considered or followed up on that recommendation from the specialist. *Id.* As a result of medical staff failing to provide him with adequate health care, Plaintiff's condition has worsened. *Id.* Plaintiff can no longer see clearly with or without prescription glasses. *Id.* at 3. Plaintiff's prescription contact lenses have constantly changed for the worse. *Id.* Plaintiff's eyes cause him pain and his condition has worsened to the point that he needs a corneal transplant, according to Kevin Kurt of UW Health. *Id.* On March 28, 2022, Kurt made another recommendation for Plaintiff to

Page 3 of 8
Case 2:22-cv-01205-JPS   Filed 04/04/23   Page 3 of 8   Document 10

have the crosslinking procedure as soon as possible. *Id.* Again, WCI staff failed to order this treatment despite the specialist's recommendation. *Id.*

**2.3** **Analysis**

The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

As applied here, Plaintiff's complaint likely states a claim for an Eighth Amendment violation for WCI staff's indifference to his serious medical need. However, the Court is obliged to dismiss his complaint, with leave to amend, because Plaintiff has failed to identify any facts showing the named defendants' personal involvement. For a prison official to be personally liable, he or she must have participated in some way with the

Page 4 of 8
Case 2:22-cv-01205-JPS    Filed 04/04/23    Page 4 of 8    Document 10

alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). As such, the Court will dismiss the complaint with leave to amend for Plaintiff to provide specific factual allegations against the people who he believes denied him medical care.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his/ rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be

Page 5 of 8
Case 2:22-cv-01205-JPS   Filed 04/04/23   Page 5 of 8   Document 10

complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda,* the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.   **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **May 4, 2023**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $325.74 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust

Page 6 of 8
Case 2:22-cv-01205-JPS   Filed 04/04/23   Page 6 of 8   Document 10

account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.