

# STATE OF WISCONSIN
# DEPARTMENT OF JUSTICE

**Josh Kaul**
**Attorney General**

**17 W. Main Street**
**P.O. Box 7857**
**Madison, WI 53707-7857**
**www.doj.state.wi.us**

**Tess Campbell**
**Paralegal**
**campbelltl@doj.state.wi.us**
**608/266-3552**
**FAX 608/294-2907**

April 2, 2024

Damonta Jennings #669475
Waupun Correctional Institution
PO Box 351
Waupun, WI 53963-0351

      Re:    Discovery
             *Damonta Jennings v. Charles Dombeck, et al.*
             USDC ED Case 22C1205

Dear Mr. Jennings:

Enclosed please find the following:

- Defendants' Response to Plaintiff's First Request for Interrogatories and Production of Documents
  - Bates 00001 – 00824

Also included with this mailing is an unsigned medical authorization for Valley Eye Associates, per Request for Production of Document No.14. Please sign and date this form and return to our office via the enlocsed self addressed and stamped envelope, and Defendants will supplement this discovery when the records are received.

Sincerely,

Tess Campbell
Paralegal

Encl.

EXHIBIT

1

DAMONTA JENNINGS,

      Plaintiff,

      v.                               Case No. 22C1205

CHARLES DOMBECK, et al.,

      Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Charles Dombeck, Ashley Haseleu, Daniel LaVoie, Mary Moore, Laura Sukowaty, and Robert Weinman, by their attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorney General Gesina S. Carson, respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents, as follows:

1. State the duties of Defendant Robert Weinman Health Service Unit Manager/Nursing Supervisor at (WCI) from January 31, 2021 through and including January 31, 2024. If those duties are set forth in any job description or other document, Produce the Document(s).

**RESPONSE: See Bates 00001 – 00007.**

2. State the duties of Defendant Ashley Haseleu Assistant Health Service Unit Manager/Nurse Clinician 2 at Waupun Correctional Institution (WCI) from

April 29, 2019 until December 1, 2023. If those duties are set forth in any job description or other documents, Produce the Document(s).

**RESPONSE: See Bates 00008 – 00030.**

3. State the duties of Defendant Mary Moore, and Charles Dombeck Advanced Practice Nurse Prescriber at Waupun Correctional Institution (WCI) from January 1, 2021 until January 31, 2024. If those duties are set forth in any job description or other documents, Provide the Document(s).

**RESPONSE: See Bates 00031 – 00034 and 00035 – 00038.**

4. State the duties of Defendant Daniel La Voie Medical Director. If those duties are set forth in any job description or other documents, Provide the Document(s).

**RESPONSE: See Bates 00039 – 00055.**

5. State the Duties of Defendant Laura Sukowaty from January 1, 2021 until January 31, 2024. If those duties are set forth in any job description or other documents, Provide the Document(s).

**RESPONSE: See Bates 00056 – 00059.**

6. State the names, title, and duties of all staff members at Waupun Correctional Institution (WCI), who have responsibility for scheduling prisoners' medical appointments outside the Prison, for arranging transportation to medical appointments outside the Prison, or for Evaluation Requests for Specialized Treatment or Evaluation. If those duties are set forth in any job description or other documents, Produce the Document(s).

**RESPONSE:** Counsel for Defendants OBJECTS to this request as overly broad and unduly burdensome, and the Plaintiff does not provide a timeframe of reference.

**Subject to and without waiving said objections, Shelly Bloch and/or Haley Bassuener are/were the assigned staff member(s) responsible for scheduling medical appointments at WCI during the relevant timeframe. See Bates 00818 – 00824.**

7. State the names, title, and duties of all staff members at Waupun Correctional Institution (WCI) who have responsibility for ensuring that inmates Request for Medical Attention are responded to. If those duties are set forth in any job description or other documents, Produce the Document(s).

**RESPONSE:** Counsel for Defendants OBJECTS to this request as overly broad and unduly burdensome.

**Subject to and without waiving said objections, all medical staff and/or correctional staff within WCI have different responsibilities for ensuring the health of all inmates and responding to medical requests/emergencies appropriately.**

8. State the procedure in effect from January 1, 2021 until January 31, 2024 at Waupun Correctional Institution (WCI) for conducting Sick Call, including the Procedure by which inmates sign up for or Request Sick Call. If the Procedure is different for Segregation Inmates than for General Population Inmates, state both

procedures. If those procedures are set forth in any Policy, Directive, or other document, Produce the Document(s).

**RESPONSE: Counsel for Defendants OBJECTS to this request as beyond the scope of the timeline of this case – the allegations from the Plaintiff's complaint span from March 2021 through October 2022.**

**Subject to and without waiving said objections, see Bates 00060 – 00064 for DAI Policy 500.30.11 – Daily Handling of Non-Emergency Requests for Health Care (effective March 1, 2021). See Bates 00065 – 00125 for the Waupun Correctional Institution (WCI) Inmate Handbook and Bates 00126 – 00159 for the WCI Restrictive Housing Unit Inmate Handbook.**

9. State the names, titles, and duties of all staff members at Waupun Correctional Institution (WCI) who have responsibility for responding to, investigating or deciding Inmate Grievances. If those duties are set forth in any job description, Policy Directive, or other document, Produce the Document(s).

**RESPONSE: Counsel for Defendants OBJECTS to this request as overly broad and unduly burdensome, beyond the scope of the claims on which Plaintiff was allowed to proceed and the Plaintiff does not provide a timeframe of reference.**

**Subject to and without waiving said objections, Lana Wilson and/or Tonia Moon are the assigned Institution Complaint Examiners at WCI during the relevant time. See Bates 00769 – 00777.**

10. State the procedure in effect from January 1, 2021 until January 31, 2024 at (WCI) for responding to, investigating, and deciding Inmate Grievances. If the procedure for handling Grievances based on Medical Complaints is different from the procedure for handling other kinds of Grievances, state both procedures. If those procedures are set forth in any directive, manual, or other document, Produce the Document(s).

**RESPONSE: Counsel for Defendants OBJECTS to this request as beyond the scope of the timeline of this case – the allegations from the Plaintiff's complaint span from March 2021 through October 2022.**

**Subject to and without waiving said objections, see Bates 00160 – 00163 for DAI Policy 500.10.23 – Grievance Process for Healthcare Complaints (effective March 1, 2021). See again Bates 00065 – 00159 for the WCI and WCI RHU Inmate Handbooks.**

11. The complete Medical Record of the Plaintiff from the time of his incarceration through and including February 13, 2024.

**RESPONSE: Counsel for Defendants OBJECTS to this request as overly broad, unduly burdensome and disproportionate to the needs of this case as to the timeframe requested, and to the extent the Plaintiff is requesting his own medical records, these documents are equally available to the Plaintiff by placing a request with his institution's Health/Psychological Services Unit. *See, e.g., Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional entitlement to**

subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund."); *Goodvine v. Gorske*, No. 06C0862, 2010 WL 3743522, at *2 (E.D. Wis. Sept. 22, 2010) (declining to compel defendants to produce copies of plaintiff's medical file because plaintiff had been granted access to the file); *Stewart v. Barr*, No. 05-C-293-C, 2005 WL 6166745, at *2 (W.D. Wis. Nov. 30, 2005) ("[D]efendants have no obligation to provide plaintiff with free copies of his medical records.").

Subject to and without waiving said objections, please see courtesy copies of the Plaintiff's certified medical records from January 1, 2020 to the present at Bates 00164 – 00733.

12. Any designated documents or electronically stored information – Including letters, written statements, graphs, charts, photographs, images, sound recordings, and any other data or data compilations, including but not limited to those from the University of Wisconsin Department of Ophthalmology pertaining to the Plaintiff and/or Plaintiff's keratoconus.

RESPONSE: Counsel for Defendants OBJECTS to this request as overly broad, unduly burdensome and disproportionate to the needs of this case as to the timeframe requested, and to the extent the Plaintiff is requesting his own medical records, these documents are equally available to the Plaintiff by placing a request with his institution's Health/Psychological Services Unit. *See, e.g., Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional entitlement to

subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund."); *Goodvine v. Gorske*, No. 06C0862, 2010 WL 3743522, at *2 (E.D. Wis. Sept. 22, 2010) (declining to compel defendants to produce copies of plaintiff's medical file because plaintiff had been granted access to the file); *Stewart v. Barr*, No. 05-C-293-C, 2005 WL 6166745, at *2 (W.D. Wis. Nov. 30, 2005) ("[D]efendants have no obligation to provide plaintiff with free copies of his medical records.").

Subject to and without waiving said objections, please see courtesy copies of the Plaintiff's certified UW Health medical records from January 1, 2020 to the present at Bates 00778 – 00817.

13. Prior authorization, approvals, denials, of all medical needs, service, or treatment pertaining to Plaintiff since his incarceration through and including February 13, 2024.

**RESPONSE: See response to Request No. 11.**

14. Any and all documents, letters, written statements, graphs, charts, photographs, images, and any other data or data complications from Valley Eyo Associates pertaining to Plaintiff and/or Plaintiff's Keratoconus Condition.

**RESPONSE: Defendants do not have an authorization on file to obtain these records. Included please find an unsigned medical authorization for Valley Eye Associates. Please sign the enclosed authorization and return it to our office in the self-addressed, stamped, envelope provided, and Defendants will supplement this response with the records, once received.**

7

15. Any and all rules, regulations, and policies of the Wisconsin Department of Corrections about treatment of Prisoners with Eye Disease, Visual Deficit, Vision Impairment, and/or need for Class III Medical Service.

**RESPONSE: See Bates 00734 – 00740 for DAI Policy 500.30.35 – Optometry Services (effective August 31, 2020.) See Bates 00741 – 00745 DAI Policy 500.10.12 – Prior Authorization Guidelines for Non-Urgent Care (Class III) (effective January 25, 2021). Finally, see Bates 00746 for the Ears, Eyes, Nose and Throat (EENT) Nursing Protocol. See again Bates 00065 – 00159 for the WCI and WCI RHU Inmate Handbooks.**

16. Names and address of Defendant Robert Weinman, Charles Dombeck, Mary Moore, Laura Sukowaty, Daniel La Voie, and Ashley Haseleu.

**RESPONSE: Counsel for Defendants OBJECTS to this request as confusing and unclear as to what the Plaintiff is requesting. These individuals can be contacted through undersigned counsel.**

17. Identify all persons the Defendants intend to qualify as Expert Witnesses or obtain Opinion Testimony from.

**RESPONSE: Counsel for Defendants OBECTS to this request as premature – Defendants will timely identify any expert witnesses pursuant to the Court's Scheduling Order and pre-scheduled deadline to disclose expert witnesses. (Dkt. 29:2-6.)**

18. Any and all Electronic Communications and/or Correspondence pertaining to Plaintiff and/or Plaintiff's Keratoconus Condition. Time, place, persons present, and contents should be stated separately for each communication.

**RESPONSE: Counsel for Defendants OBJECTS to this request as the Plaintiff does not provide a timeframe of reference.**

**Subject to and without waiving said objection, Defendants have requested a search of their DOC email accounts by the Bureau of Technology Management for search terms:**

**Damonta Jennings OR**

**#669475 AND**

**"Keratoconus"**

**Attached as Bates 00747 – 00768 are true and accurate copies of the responsive emails/documents from March 2021 through October 2022.**

19. Why didn't Mary Moore follow the advice or Recommendation from Physician Shilpa G. Reddy on September 22, 2021?

**RESPONSE: Counsel for Defendants OBJECTS to this request as "follow the advice or recommendation of Physician Shilpa G. Reddy" is unspecific and subjective.**

**Subject to and without waiving said objections, Defendant Moore responds: Per the September 22, 2021 UW Health After Visit Summary Instructions by Dr. Shilpa G. Reddy, Dr. Reddy recommended sending Jennings to a non-UW Cornea physician with cross-linking facilities**

9

**available for treatment of keratoconus. Additionally, Dr. Reddy recommended a hard CTL (contact lens) visit.**

**Defendant Moore signed off on the offsite record as an APNP at WCI. On October 28, 2021, Defendant Moore ordered Jennings a referral to UW Optometry for a CTL visit, per Dr. Reddy's recommendation, which was conducted on March 28, 2022.**

**As an APNP, Defendant Moore is responsible for reviewing offsite reports for patients in her care and ordering follow up appointments as necessary. This was what she did in response to Jennings' September 22, 2021 offsite recommendations.**

20. Why didn't Defendant Mary Moore enter the prior Authorization required for Plaintiff to receive the Corneal Crosslinking Treatment recommended on September 22, 2021 and March 28, 2022?

**DEFENDANT MOORE'S RESPONSE: Treating physicians are responsible for submitting Prior Authorizations for patients when necessary. Here, prior authorization was not required.**

**DEFENDANT SUKOWATY'S RSPONSE: Corneal crosslinking does not require Class III prior authorization.**

21. What is the cause or reason for Defendant Mary Moore being no longer employed or retired from State Service as a former BHS Employee? If any of the following or relatable information is on document, Produce the Document(s).

**RESPONSE: Counsel for Defendants OBJECTS to this request as irrelevant to this case.**

22. List the date, time and place Defendant Charles Dombeck worked at or for Waupun Correctional Institution, rather permanently or temporarily. If the information is on document, Produce the Document(s).

**DEFENDANT DOMBECK'S RESPONSE: Defendant Dombeck worked onsite at Waupun Correctional Institution between the approximate dates of April 2022 through April 2023.**

23. Did Defendant Charles Dombeck have any duties, handling, authority, and/or permission in providing, refusing, or denying Plaintiff Medical Care? While incarcerated at Waupun Correctional Institution. If the duties or information are set forth in any document, Produce the Document(s).

**RESPONSE: Counsel for Defendants OBJECTS to this request as it is based on a false premise and assumes facts not in evidence – namely, that Defendant Dombeck refused or denied plaintiff medical care.**

**Subject to and without waiving said objections, see Bates 00035 – 00038. Plaintiff may also refer to Bates 00164 – 00733 to review the treatment offered by Defendant Dombeck.**

24. What is the specified time frame to treat an inmate Patient with a deteriorating condition?

**RESPONSE: Counsel for Defendants OBJECTS to this request as "treat" and "deteriorating condition" is subjective and undefined. Counsel**

11

**further OBEJCTS to this request as it is hypothetical in nature and requires speculation on behalf of the Defendants in order to respond.**

**Subject to and without waiving said objections, Defendant Sukowaty responds: The timeframe of treatment for a patient with a condition is dependent upon the condition, the associated treatment, and the availability of offsite specialists.**

25. Why was Plaintiff's Corneal Crosslinking Procedure classified as Class III and not classified as Urgent Care when it was made clear by Dr. Kevin Kurt that a delay of treatment would present a medically unacceptable risk for serious bodily harm, disability, or further deterioration in the Plaintiff/Patient's condition?

**RESPONSE: Counsel for Defendants OBJECTS to this request as the Plaintiff's mischaracterizes the medical record.**

**Subject to the objection, Defendant Sukowaty responds: See Bates 00479. Jennings' corneal crosslinking was not considered a Class III procedure and thus did not require prior authorization by the Class III Committee in order to proceed with the treatment.**

26. If a recommendation was made for Plaintiff to receive Cornea Crosslinking Treatment as soon as possible to possibly prevent the need of a Corneal Transplant could that be classified as Class II Urgent Care – Presently medically necessary or even Class I Emergency Care – medically mandatory?

RESPONSE:  Counsel for Defendants OBEJCTS to this request as it is hypothetical in nature and requires speculation on behalf of the Defendants in order to respond.

Subject to and without waiving said objections, and to the extent the Plaintiff is requesting the timeframe of surgical treatment for a patient with an unspecified condition, Defendant Sukowaty responds: Yes, that is how Plaintiff's treatment was handled.

**AS TO INTERROGATORIES #22:**

PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 2nd day of April, 2024.

CHARLES DOMBECK

**AS TO INTERROGATORIES #19-20:**

PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 1 day of April 2024.

_____
MARY MOORE

**AS TO INTERROGATORIES #20, 24-26:**

PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this ____ day of April____, 2024.

LAURA SUKOWATY

**AS TO DOCUMENTS AND OBJECTIONS:**

Dated April 2, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Gesina S. Carson
GESINA S. CARSON
Assistant Attorney General
State Bar #1055162

Attorneys for Defendants Dombeck, Haseleu,
La Voie, Moore, Sukowaty, and Weinman.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1672
(608) 294-2907 (Fax)
carsongs@doj.state.wi.us