

# STATE OF WISCONSIN
# DEPARTMENT OF JUSTICE

**Josh Kaul**
**Attorney General**

**17 W. Main Street**
**P.O. Box 7857**
**Madison, WI 53707-7857**
**www.doj.state.wi.us**

**Tess Campbell**
**Paralegal**
**campbelltl@doj.state.wi.us**
**608/266-3552**
**FAX 608/294-2907**

March 18, 2024

Damonta Jennings #669475
Waupun Correctional Institution
PO Box 351
Waupun, WI 53963-0351

      Re:    Discovery
           *Damonta Jennings v. Charles Dombeck, et al.*
           USDC ED Case 22C1205

Dear Mr. Jennings:

    Enclosed please find the following:

- Defendants' Response to Plaintiff's First Request for Admissions

Defendants are working on their responses to Plaintiff's First Request for Interrogatories and Production of Documents, and will provide their responses within the week.

           Sincerely,

           Tess Campbell
           Paralegal

Encl.

> **EXHIBIT**
>
> **2**

DAMONTA JENNINGS,

     Plaintiff,

    v.                                Case No. 22C1205

CHARLES DOMBECK, et al.,

     Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

Defendants, Charles Dombeck, Ashley Haseleu, Daniel LaVoie, Mary Moore, Laura Sukowaty, and Robert Weinman, by their attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorney General Gesina S. Carson, responds to Plaintiff's First Requests for Admission, as follows:

1. The Plaintiff was transported to the University of Wisconsin Department of Ophthalmology on June 2, 2021.

**RESPONSE: ADMIT.**

2. The Plaintiff was examined at the University of Wisconsin Department of Ophthalmology by a Physician, Shilpa G. Reddy.

**RESPONSE: Counsel for Defendants OBJECTS to this request as the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his June 2, 2021 appointment, ADMIT.**

3. Shilpa G. Reddy Diagnosed the Plaintiff with Keratoconus of both eyes, and recommended glasses.

**RESPONSE: Counsel for Defendants OBJECTS to this request as the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, ADMIT ONLY on June 2, 2021, Dr. Reddy noted "corneal ectasia – suspect keratoconus" and recommended glasses. DENY the remainder.**

4. Defendant Mary Moore signed off on the offsite service request and report form on June 2, 2021.

**RESPONSE: ADMIT.**

5. As of June 2, 2021 Plaintiff's vision was 20/20 in the right eye and 20/80 in the left eye.

**RESPONSE: Counsel for Defendants OBJECTS to this request as it calls for an expert/specialist opinion.**

**Subject to the objections Defendants do not yet have the records for**

**June 2, 2021 that allows them to admit or deny**

6. Defendant Bethany South did not place a order for Plaintiff's glasses until August 3, 2021.

**RESPONSE: ADMIT, according to the records.**

7. It is the routine and established practice at Waupun Correctional Institution to send a offsite service request and report form along with every inmate who is taken offsite to a hospital.

**RESPONSE: ADMIT.**

8. It is the routine and established practice at the University of Wisconsin Department of Ophthalmology to provide an after visit summary form of the Patients diagnosis, the treatment provided or recommended, and the directions for follow up treatment after the patient's return to the Prison.

**RESPONSE: Counsel for Defendants OBJECTS to this request as the "routine and established practice at the University of Wisconsin Department of Ophthalmology" is beyond the scope of the Defendants knowledge as Department of Corrections employees.**

9. It is the routine and establish practice at Waupun Correctional Institution for medical administrators to review all offsite service requests and report forms and/or after visit summary ("AVS") forms to ensure that the patient received appropriate treatment or follow up treatment.

**RESPONSE: DENY but AFFIRMATIVELY ALLEGE the inmate patient's medical provider reviews offsite reports.**

10. The Plaintiff was transported to the University of Wisconsin Department of Ophthalmology on September 22, 2021.

**RESPONSE: ADMIT.**

11. The Plaintiff was examined at the University of Wisconsin Department of Ophthalmology by a Physician, Shilpa G. Reddy on September 22, 2021.

**RESPONSE: ADMIT.**

12. Shilpa G. Reddy concluded that the Plaintiff's Keratoconus Condition was abnormal.

**RESPONSE: Counsel for Defendants OBJECTS to this request as it calls for an expert/specialist opinion and the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his September 22, 2021 appointment, DENY.**

13. Shilpa G. Reddy concluded that the Plaintiff's Keratoconus Condition was severe.

**RESPONSE: Counsel for Defendants OBJECTS to this request as it calls for an expert/specialist opinion and the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his September 22, 2021 appointment, ADMIT ONLY Dr. Reddy's after visit summary notes from September 22, 2021 state, in part: "Discussed the etiology and management of the issues; due to severity, will send to Cornea." (*See* response to Request for Production of Documents No. 11, Bates 00342.)**

14. Shilpa G. Reddy concluded corneal crosslinking would help the Plaintiff.

**RESPONSE: Counsel for Defendants OBJECTS to this request as it calls for an expert/specialist opinion and the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his September 22, 2021 appointment, ADMIT Dr. Reddy's after visit summary notes from September 22, 2021 state, in part: "there is not corneal cross-linking available in a secure facility at UW, and it is likely that this procedure would help the patient." (*See* response to Request for Production of Documents No. 11, Bates 00342.)**

15.     Shilpa G. Reddy recommended Corneal Crosslinking as treatment for the Plaintiff.

**RESPONSE:  See response to Request for Admissions No. 14.**

16.      Shilpa G. Reddy made note in the after visit summary ("AVS") that there is no corneal Crosslinking available at the University of Wisconsin Health.

**RESPONSE:  Counsel for Defendants OBJECTS to this request as the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his September 22, 2021 appointment, see response to Request for Admissions No. 14.**

17.     Shillpa G. Reddy's directions, management, and recommendation was stated in the after visit summary form.

**RESPONSE:  Counsel for Defendants OBJECTS to this request as the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his September 22, 2021 appointment, ADMIT ONLY Dr. Reddy's submitted an after visit summary with instructions on September 22, 2021 to the DOC.**

18. The after visit summary form containing Shilpa G. Reddy's recommendation was returned to the Prison.

**RESPONSE: See response to Request for Admissions No. 17.**

19. The after visit summary form containing Shilpa G. Reddy recommendation was consistent with the Prison's routine and established practice.

**RESPONSE: ADMIT ONLY offsite providers generally provide after visit reports.**

20. Shilpa G. Reddy wrote on the offsite service request and report form in the recommendation section see "AVS" after visit summary.

**RESPONSE: Counsel for Defendants OBJECTS to this request as the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his September 22, 2021 appointment, ADMIT.**

21. Defendant Mary Moore signed off on the offsite service request and report form.

**RESPONSE: Counsel for Defendants OBJECTS to this request as the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his September 22, 2021 appointment, ADMIT.**

22. Defendant Mary Moore reviewed the after visit summary form containing Shilpa G. Reddy recommendation.

**RESPONSE: ADMIT.**

23. Defendant Mary Moore did not enter or order for Plaintiff to consult with a non-UW Physician.

**RESPONSE: ADMIT but AFFIRMATIVELY ALLEGE this was the responsibility of the DOC ophthalmologist.**

24. Class III medical services require prior authorization.

**RESPONSE: DENY that all Class III require prior authorization. ADMIT ONLY certain procedures require Class III approval.**

25. Corneal Crosslinking Treatment was classified as Class III medical service by Waupun Correctional Institution Medical Administrator.

**RESPONSE: DENY.**

26. Defendant Mary Moore did not enter the prior authorization required for Plaintiff to receive the Corneal Crosslinking Treatment recommended.

**RESPONSE: DENY prior authorization was required. ADMIT the remainder.**

27. Prior authorization required for Class III medical services was not entered by any of the Defendants.

**RESPONSE: ADMIT. See response to RTA 26.**

28. Defendant Mary Moore had the authority to enter the prior authorization required for Plaintiff's Corneal Crosslinking Treatment.

**RESPONSE: DENY. See Response to RTA 26.**

29. Corneal Transplants are classified as Class III medical service.

**RESPONSE: DENY.**

30. Prior authorization was entered on December 13, 2023 for Plaintiff to receive PKP Surgery with a Corneal Transplant.

**RESPONSE: ADMIT.**

31. Plaintiff medical records reflect prior authorization was entered for Corneal Transplant

**RESPONSE: ADMIT.**

32. Plaintiff Medical Records reflect prior authorization was not entered for Corneal Crosslinking.

**RESPONSE: ADMIT. See Response to RTA 26.**

33. The Plaintiff was transported to the University of Wisconsin Department of Ophthalmology on March 28, 2022.

**RESPONSE: ADMIT.**

34. The Plaintiff was examined by a Cornea Specialist Dr. Kevin Kurt on March 28, 2022.

**RESPONSE: ADMIT ONLY Plaintiff had an appointment at UW Health Ophthalmology on March 28, 2022 with Dr. Kevin Kurt, OD (optometry). Lack knowledge as to whether Dr. Kurt is a corneal specialist.**

35. Dr. Kevin Kurt recommended Corneal Crosslinking to treat Plaintiff's Keratoconus Condition.

**RESPONSE: Counsel for Defendants OBJECTS to this request as it calls for an expert/specialist opinion and the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his September 22, 2021 appointment, ADMIT.**

36. The Plaintiff Keratoconus Condition continued to progress with the use of contact lenses.

**RESPONSE: Counsel for Defendants OBJECTS to this request as it requires an expert opinion in order to respond.**

37. Severe stages of Keratoconus should not be treated with contact lenses.

**RESPONSE: Counsel for Defendants OBJECTS to this request as it requires an expert opinion in order to respond.**

38. Dr. Kevin Kurt's recommendation regarding Corneal Crosslinking of the Plaintiff was placed in writing on a WCI offsite service request and report form.

**RESPONSE: Counsel for Defendants OBJECTS to this request as Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his March 28, 2022 appointment, ADMIT.**

39. Defendant Mary Moore took no action to ensure that the Plaintiff's Corneal Crosslinking procedure be reviewed for approval.

**RESPONSE: DENY. See Response to RTA 26.**

40. As of March 28, 2022 the Plaintiff's vision was 20/40 +2 in the right eye and 20/150 in the left eye.

**RESPONSE: Counsel for Defendants OBJECTS to this request as it calls for an expert/specialist opinion.**

**Subject to the objection, DENY.**

41. The failure to provide Corneal Crosslinking to the Plaintiff resulted in the progression of the Plaintiff's Keratoconus Condition.

**RESPONSE: DENY.**

42. Dr. Kevin Kurt wrote on the WCI offsite service request and report form "Corneal x-linking would be very beneficial to Patient. Keratoconus is progressing. Will need to return to office for Scleral/RGP lens fitting. Corneal Cross linking may be able to prevent need for corneal transplant. Please approve ASAP."

**RESPONSE: Counsel for Defendants OBJECTS to this request as the Plaintiff does not provide a date or timeframe of reference.**

**Subject to the objection, and to the extent the Plaintiff is referring to his March 28, 2022 appointment, ADMIT.**

43. Defendant Mary Moore signed off on the offsite service request and report form from March 28, 2022.

**RESPONSE: ADMIT.**

44. The Plaintiff received no treatment for Keratoconus Condition until October 14, 2022.

**RESPONSE: DENY.**

45. The Plaintiff received Corneal Crosslinking treatment on October 14, 2022.

**RESPONSE: ADMIT.**

46. The Plaintiff was transported to Valley Eye Associates on January 4, 2023

**RESPONSE: ADMIT.**

47. The Plaintiff was examined by a Physician Brianne Scanlon at Valley Eye Associates on January 4, 2023.

**RESPONSE: ADMIT.**

48. Defendant Charles Dombeck signed the WCI offsite service request and report form on January 4, 2023

**RESPONSE: ADMIT.**

49. Defendant Charles Dombeck worked at Waupun Correctional Institution on January 4, 2023.

**RESPONSE: ADMIT.**

50. The Plaintiff Damonta Jennings Prison Medical Record in it's entirety is authentic and pertain factual information.

**RESPONSE: ADMIT.**

Dated March 18, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Gesina S. Carson
GESINA S. CARSON
Assistant Attorney General
State Bar #1055162

Attorneys for Defendants Dombeck, Haseleu, La Voie, Moore, Sukowaty, and Weinman.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1672
(608) 294-2907 (Fax)
carsongs@doj.state.wi.us