

| | DAI Policy #: 500.10.12 | Page 1 of 5 |
|---|---|---|
| **DIVISION OF ADULT INSTITUTIONS**<br><br>**POLICY AND PROCEDURES** | **Original Effective Date:** 01/26/89 | **New Effective Date:** 01/25/21 |
| | **Supersedes:** 500.10.12 | **Dated:** 04/08/19 |
| | **Administrator's Approval:** Sarah Cooper, Administrator | |
| | **Required Posting or Restricted:**<br><br>[X] **Inmate** [X] **All Staff** [ ] **Restricted** | |

| **Chapter:** 500 Health Services |
|---|
| **Subject:** Prior Authorization Guidelines for Non-Urgent Care (Class III) |

## POLICY

The Division of Adult Institutions shall utilize Prior Authorization Guidelines for non-urgent treatment. Hospital and specialty care will be arranged for patients in need of these services.

## REFERENCES

Standards for Health Services in Prisons, National Commission on Correctional Health Care, 2018, P-A-01 – Access to Care, P-D-08– Hospital and Specialty Care.
Wis. Stat. s. 302.38 - Medical Care of Prisoners.
Wis. Stat. s. 302.385 - Correctional Institution Health Care

## DEFINITION, ACRONYMS AND FORMS

Advanced Care Provider (ACP) – Provider with prescriptive authority.

BHS – Bureau of Health Services

Class 3 Committee Review- A group of DOC ACPs and MD supervisor(s) that discuss facility ACP presented requests for patient non-urgent specialty care.

DOC – Department of Corrections

DOC-3001 – Off-site Service Request and Report

DOC-3436 – Prior Authorization for Non-Urgent Care

Off-Site Dental Treatment – This includes dental services provided off the premises of the DOC facilities or dental services provided on the premises of a DOC facility by a contracted dental specialist.

Prior Authorization – The process by which a DOC ACP submits a written request describing the need for a particular medical, psychiatric or dental service to the respective director for review and approval.

Specialty Care – Specialist-provided healthcare (e.g., nephrology, surgery, dermatology, orthopedic).

EXHIBIT

12

Bates 00741

<u>Telemedicine</u> – The use of electronic information and communications technologies to provide and support health care when distance separates the participants.

**PROCEDURES**

**I.    General Guidelines**

A. For each community hospital or off-site specialty service used regularly for medical and mental healthcare, a collaborative written or verbal agreement shall be in place. Evidence demonstrates there is appropriate access to hospital and specialist care when necessary.

B. Off-site facilities or health professionals are requested to provide a summary of the treatment given and any follow-up instructions. This information is to accompany the patient on return to the facility for continuity of care.
   1. This information is best to accompany the patient upon return to the facility.
   2. Facility staff shall call the off-site facility for verbal report between professional health staff if written information does not accompany the patient upon return to the facility.
   3. Written health information that is not received from the hospital or specialty facility upon the patient's return to the facility shall be requested by facility health staff within 1-3 days.

C. For on-site specialty services used regularly for medical and mental health care, there are appropriate licenses, certifications, and timely communication for continuity of care shall exist.

D. Classification of Medical and Surgical Conditions
   1. Class I:  Emergency Care
      a. An emergency is a potentially life-threatening condition requiring immediate care.
      b. A delay in treatment may result in death or permanent serious impairment of the patient's health.
      c. This includes all emergency and urgent services.
   2. Class II:  Urgent Care
      a. Presently necessary urgent health care problem.
      b. An urgent medical health care problem, while not an emergency, is one in which prolonged delay of treatment could present a risk for serious bodily harm, disability, or further deterioration in the patient's condition resulting in worsening health.
   3. Class III: Non-Urgent Medically Acceptable
      a. A non-urgent condition is one that at present does not represent a significant threat to the patient's general medical health and which is not likely to pose such a threat in the foreseeable future.
      b. Surgical procedures can be performed at the convenience of physicians, persons and institutions involved. Non-urgent cases are of two types and in both types, prior-authorization is required.

Bates 00742

4. Class III-A
   a. Cases involving persistent pain or dysfunction where pain or dysfunction have been progressive but do not pose an urgent threat to the health of the patient.
   b. The condition must be subject to medical correction or arrest.
   c. While no medical detriment is expected to result from a delay of several weeks to months, adequate care dictates the performance of medical or surgical procedure as soon as scheduling reasonably permits.
5. Class III-B- No procedure or referral should be scheduled at the present.
   a. Cases not involving persistent pain, progressive disease or impairment and not solely for the convenience of the patient.
   b. No medical effects are expected to result from surgical delay of months to years.
6. Class IV: Elective Non-Covered Care Services.
   a. Services that are considered not medically necessary or required in accordance with acceptable medical standards for medical and surgical practice. No procedure or referral should be scheduled at the present.

II. **Specialty Request Process**
   A. Class I and Class II requests do not require prior approval.
      .
   B. All Class III requests shall be submitted per current BHS medical director guidelines by the facility ACP completing a "Consult Class III" order in the electronic health record or by completing a DOC-3436. Approval for Class III requests shall be granted by the medical director, designee, or by the Class III committee.

   C. Class III committee review shall occur for:
      1. All specialty surgery requests not already approved after facility ACP discussion with the medical director or designee.
      2. Continuation of opioid treatment.

   D. Any other case a facility ACP wishes to review with peers.

   E. Facilities shall develop and maintain a tracking system for off-site care requests.

   F. All prior authorization requests for medical services shall be reviewed for their appropriateness for telemedicine consultation.

   G. Facilities shall enable timely scheduling of appointments upon request approval.
      1. The ACP shall identify appropriate scheduling timelines for all patient appointments.

Bates 00743

    2. The ACP shall be notified by facility scheduling staff if an appointment cannot be scheduled within the identified timeline.

    3. All contacts made when scheduling appointments shall be documented.

H. Process of ACP re-evaluation for non-approved Class III requests.

    1. An ACP shall resubmit the request with further supporting information when the facility ACP believes the need to challenge a non-approved request.

    2. An ACP shall resubmit the request when there is a change in the patient's condition necessitating another request submission.

I. Submission of Class III Requests for Dental and Mental Health.

    1. Prior authorization shall be obtained for any non-urgent dental or mental health treatment.

    2. All prior authorization requests, with supporting information, shall be submitted on DOC-3436.

    3. Verbal authorization from the dental director or mental health director shall be followed with a completed DOC-3436.

    4. The Class III decision by the dental director or mental health director shall be documented on the DOC-3436 and forwarded to the referring facility ACP.

J. Central Office clerical support staff shall produce statistical reports as requested regarding offsite requests or approvals.

## III. Notification of Class III Decisions and Patient Appeal Process

A. All specialty care request decisions shall be communicated to the patient by the referring facility ACP.

B. A patient may appeal a non-approved decision through the patient Complaint Review System.

**Bureau of Health Services:** _____ **Date Signed:** _____
      Michael Rivers, Director of Administration

_____ **Date Signed:** _____
      Vacant, Medical Director

_____ **Date Signed:** _____
      Mary Muse, Nursing Director

**Administrator's Approval:** _____ **Date Signed:** _____
      Sarah Cooper, Administrator

Bates 00744

# DIVISION OF ADULT INSTITUTIONS FACILITY IMPLEMENTATION PROCEDURES

| | | |
|---|---|---|
| **Facility:** Waupun Correctional Institution | | |
| **Original Effective Date:** 01/26/89 | **DAI Policy Number:** 500.10.12 | **Page** 5 of 5 |
| **New Effective Date:** 03/04/22 | **Supersedes Number:** 500.10.12 | **Dated:** 04/08/19 |
| **Chapter:** 500 Health Services | | |
| **Subject:** Prior Authorization Guidelines for Non-Urgent Care (Class III) | | |
| **Will Implement** [X] As written [ ] With below procedures for facility implementation | | |
| **Warden's/Center Superintendent's Approval:** Signed by Warden Randall R. Hepp | | |

**REFERENCES**

Bates 00745