UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMONTA JENNINGS,

        Plaintiff,

v.                            Case No. 22-cv-1205

CHARLES DOMBECK, ET AL.

        Defendants.

## PLAINTIFF'S DISPUTED PROPOSED FINDINGS OF FACT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff Damonta Jennings ("Jennings"), by and through his attorney Wesley E. Haslam, of the law firm Kravit, Hovel & Krawczyk s.c., submits the following Disputed Proposed Findings of Fact in Opposition to Defendants' Motion for Summary Judgment.

1. Defendant Bethany South ("Dr. South") testified in depositions that keratoconus is a form of corneal ectasia. (Ex. 1, 15: 2-9.)

2. Dr. South testified in depositions that the standard of care for a patient with keratoconus is corneal cross-linking. (Ex. 1, 41: 23-25; 42: 8-10.)

3. Dr. South testified in depositions that keratoconus was typically degenerative and that degenerative means the condition will get worse over time. (Ex. 1, 16: 3-7; 18: 4-7.)

1

4. Dr. South testified in depositions that untreated keratoconus would lead to permanent vision loss. (Ex. 1, 18: 1-7.)

5. Dr. South testified that the "very worst-case scenario" for someone with keratoconus is a corneal transplant. (Ex. 1, 17:13-17.)

6. Jennings submitted Health Services Requests ("HSRs") concerning his eye condition, lack of corrective lenses, and/or the recommended treatment on the following dates: February 12, 2021; March 12, 2021; March 14, 2021; April 21, 2021; June 5, 2021; July 27, 2021; December 8, 2021; February 25, 2022; March 1, 2022; March 2, 2022; April 3, 2022; April 5, 2022; April 24, 2022; May 11, 2022; May 31, 2022; June 9, 2022; June 17, 2022; July 14, 2022; July 16, 2022; August 16, 2022; August 19, 2022; and August 24, 2022. (Ex. 6.)

7. Jennings submitted information requests to the Health Services Unit requesting information from optometrist on February 23, 2022; March 1, 2022; April 3, 2022; May 2, 2022; July 16, 2022; and August 19, 2022. (Ex. 6.)

8. An internal investigation of Jennings' complaint was conducted and a report was written on September 8, 2022. (Ex. 4.)

9. The September 8, 2022, report indicates that on May 9, 2022, Dr. south canceled the corneal cross-linking order and that she reordered the procedure on May 16, 2022. The report also indicates that Defendant Mary Moore received the treatment recommendations from off-site providers and did not order the treatment. (Ex. 4.)

10. Defendant Laura Sukowaty ("Dr. Sukowaty") testified in depositions that Jennings' corneal cross-linking would have been a Class II procedure, that Class II procedures are for urgent care, Cass III procedures are elective, and that prior approval is not needed for Class II procedures. (Ex. 2, 15:3-15; 10: 1-7.)

11. Defendant Mary Moore testified that HSRs concerning eye issues go "right to the optometrist's mailbox and then they handle that." (Ex. 3, 14:10-15.)

12. Treating physician Dr. Kevin Kurt wrote that the purpose of corneal cross-linking is to prevent the progression of the disease and "is not intended to reverse the disease or improve visual acuity." (Ex. 5.)

13. Defendant Laura Sukowaty testified in depositions that the hope for corneal cross-linking is that it will stop or slow down significantly the progression of keratoconus, but that it does not always do that. (Ex. 2, 24: 18-21.)

14. Doctor Kevin Kurt provided a declaration where he stated that corneal cross-linking is the standard of care for keratoconus. (Ex. 7.)

15. Dr. Laura Sukowaty is a family medicine doctor. (Ex. 2, 6:14-21.)

16. Dr. South testified in deposition that if keratoconus progresses, corneal cross-linking will be less effective. (Ex. 1, 36: 12-15.)

Dated this 3rd day of November, 2025.

KRAVIT, HOVEL & KRAWCZYK s.c.

*s/ Wesley E. Haslam*
Wesley H. Haslam
  State Bar No. 1121993

*Attorney for Plaintiff*

Kravit, Hovel & Krawczyk s.c.
825 North Jefferson Street, Suite 500
Milwaukee, Wisconsin 53202
(414) 271-7100 (telephone)
(414) 271-8135 (facsimile)
weh@kravitlaw.com