IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

DAMONTA JENNINGS,

      Plaintiff,

    v.                           Case No. 2022CV01205

CHARLES DOMBECK, et al.,

      Defendants.

---

## STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S DISPUTED PROPOSED FINDINGS OF FACT (DKT. 88)

---

State Defendants, by their attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorneys General Jonathon M. Davies and Kathryn A. Pfefferle, respond to Plaintiff's Disputed Proposed Findings of Fact (dkt. 88) as follows:

1.      Defendant Bethany South ("Dr. South") testified in depositions that keratoconus is a form of corneal ectasia. (Ex. 1, 15: 2-9.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5). No dispute.**

2.      Dr. South testified in depositions that the standard of care for a patient with keratoconus is corneal cross-linking. (Ex. 1, 41: 23-25; 42: 8-10.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5); the cited exhibit is inadmissible because it violates the rule of completeness, *see* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106; Fed. R. Civ. P 32(6); *Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d**

836, 844 (7th Cir. 1984) ("the 'rule of completeness' [] prevents misleading impressions created by taking a statement out of context"); and the citation does not support the proposed finding. Dispute. Dr. South testified that corneal cross-linking is not appropriate for all patients with keratoconus. (See, e.g., South Dep. Tr., dkt. 72 at 36, 46, 48, 52.) She testified that "not all keratoconus requires cross-linking...." (Dkt. 72 at 52.)

3. Dr. South testified in depositions that keratoconus was typically degenerative and that degenerative means the condition will get worse over time. (Ex. 1, 16: 3-7; 18: 4-7.)

RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5); the cited exhibit is inadmissible because it violates the rule of completeness, *see* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106; Fed. R. Civ. P 32(6); *Senn*, 738 F.2d at 844 (7th Cir. 1984) ("the 'rule of completeness' [] prevents misleading impressions created by taking a statement out of context"); and the citation does not support the proposed finding. No dispute that Dr. South testified that keratoconus is typically degenerative; dispute that she testified that it is always degenerative or degenerative in Plaintiff's case. (Dkt. 72 at 16-17.)

4. Dr. South testified in depositions that untreated keratoconus would lead to permanent vision loss. (Ex. 1, 18: 1-7.)

RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5); the cited exhibit is inadmissible because it

2

**violates the rule of completeness, see Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106; Fed. R. Civ. P 32(6); *Senn*, 738 F.2d at 844 (7th Cir. 1984) ("the 'rule of completeness' [] prevents misleading impressions created by taking a statement out of context"); and the citation does not support the proposed finding. Dispute. Dr. South testified that keratoconus can progress wildly differently in each patient. (Dkt. 72 at 16-18.)**

5. Dr. South testified that the "very worst-case scenario" for someone with keratoconus is a corneal transplant. (Ex. 1, 17:13-17.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5); the cited exhibit is inadmissible because it violates the rule of completeness, *see* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106; Fed. R. Civ. P 32(6); *Senn*, 738 F.2d at 844 (7th Cir. 1984) ("the 'rule of completeness' [] prevents misleading impressions created by taking a statement out of context"); and the citation does not support the proposed finding. The proposed finding is also vague as to wording. Dispute. From context, Dr. South's testimony was that, in the worst-case scenario of disease progression, a corneal transplant would become necessary, not that a corneal transplant itself is the worst-case scenario. (Dkt. 72 at 16-18.)**

6. Jennings submitted Health Services Requests ("HSRs") concerning his eye condition, lack of corrective lenses, and/or the recommended treatment on the following dates: February 12, 2021; March 12, 2021; March 14, 2021; April 21, 2021; June 5, 2021; July 27, 2021; December 8, 2021; February 25, 2022; March 1, 2022;

March 2, 2022; April 3, 2022; April 5, 2022; April 24, 2022; May 11, 2022; May 31, 2022; June 9, 2022; June 17, 2022; July 14, 2022; July 16, 2022; August 16, 2022; August 19, 2022; and August 24, 2022. (Ex. 6.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5). The proposed finding is also vague and compound as to the content of the HSRs. No dispute for purposes of summary judgment that Plaintiff submitted HSRs on the dates stated.**

7. Jennings submitted information requests to the Health Services Unit requesting information from optometrist on February 23, 2022; March 1, 2022; April 3, 2022; May 2, 2022; July 16, 2022; and August 19, 2022. (Ex. 6.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5). No dispute for purposes of summary judgment.**

8. An internal investigation of Jennings' complaint was conducted and a report was written on September 8, 2022. (Ex. 4.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5). The cited exhibit is also inadmissible because it has not been authenticated or properly introduced into evidence. See Fed. R. Civ. P. 56(c)(4). The Court should disregard the proposed finding.**

9. The September 8, 2022, report indicates that on May 9, 2022, Dr. south canceled the corneal cross-linking order and that she reordered the procedure on May 16, 2022. The report also indicates that Defendant Mary Moore received the

4

treatment recommendations from off-site providers and did not order the treatment. (Ex. 4.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5). The cited exhibit is also inadmissible because it has not been authenticated or properly introduced into evidence and is hearsay. See Fed. R. Civ. P. 56(c)(4). The Court should disregard the proposed finding.**

10.     Defendant Laura Sukowaty ("Dr. Sukowaty") testified in depositions that Jennings' corneal cross-linking would have been a Class II procedure, that Class II procedures are for urgent care, Cass III procedures are elective, and that prior approval is not needed for Class II procedures. (Ex. 2, 15:3-15; 10: 1-7.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5); and the cited exhibit is inadmissible because it violates the rule of completeness, *see* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106; Fed. R. Civ. P 32(6); *Senn*, 738 F.2d at 844 (7th Cir. 1984) ("the 'rule  of completeness' [] prevents misleading impressions created by taking a statement out of context"). No dispute for purposes of summary judgment.**

11.     Defendant Mary Moore testified that HSRs concerning eye issues go "right to the optometrist's mailbox and then they handle that." (Ex. 3, 14:10-15.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5); the cited exhibit is inadmissible because it violates the rule of completeness, *see* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid.**

**106; Fed. R. Civ. P 32(6);** *Senn*, **738 F.2d at 844 (7th Cir. 1984) ("the 'rule of completeness' [] prevents misleading impressions created by taking a statement out of context"); and the citation does not support the proposed finding. Dispute. Moore testified that HSRs are first triaged by nurses before going to the optometrist. (Dkt. 88-3:1.)**

12. Treating physician Dr. Kevin Kurt wrote that the purpose of corneal cross-linking is to prevent the progression of the disease and "is not intended to reverse the disease or improve visual acuity." (Ex. 5.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63). No dispute for purposes of summary judgment.**

13. Defendant Laura Sukowaty testified in depositions that the hope for corneal cross-linking is that it will stop or slow down significantly the progression of keratoconus, but that it does not always do that. (Ex. 2, 24: 18-21.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5); the cited exhibit is inadmissible because it violates the rule of completeness,** *see* **Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106; Fed. R. Civ. P 32(6);** *Senn*, **738 F.2d at 844 (7th Cir. 1984) ("the 'rule of completeness' [] prevents misleading impressions created by taking a statement out of context"); and the citation does not support the proposed finding. Dispute. Dr. Sukowaty's full answer was,**

> **It [cross-linking] doesn't necessarily stop the progression. It can slow it down, but the hope is that it will stop or slow down significantly the progression, but it doesn't always do that. Ultimately, the majority of patients will need corneal**

**transplant.**

**(Dkt. 88-2:4 at 18-22.)**

14. Doctor Kevin Kurt provided a declaration where he stated that corneal cross-linking is the standard of care for keratoconus. (Ex. 7.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63); and the citation does not support the proposed finding. Dispute. Dr. Kurt's full statement was,**

> **It is my professional opinion that corneal cross-linking became the standard of care for keratoconus after the Food and Drug Administration ("FDA") approved corneal cross-linking to treat keratoconus.**

**(Dkt. 88-7:1.)**

15. Dr. Laura Sukowaty is a family medicine doctor. (Ex. 2, 6:14-21.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63). No dispute for purposes of summary judgment.**

16. Dr. South testified in deposition that if keratoconus progresses, corneal cross-linking will be less effective. (Ex. 1, 36: 12-15.)

**RESPONSE: Objection. The proposed finding violates this Court's scheduling order (dkt. 63:4-5); the cited exhibit is inadmissible because it violates the rule of completeness, *see* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106; Fed. R. Civ. P 32(6); *Senn*, 738 F.2d at 844 (7th Cir. 1984) ("the 'rule of completeness' [] prevents misleading impressions created by taking**

**a statement out of context"); and the citation does not support the proposed finding. No dispute for purposes of summary judgment.**

Dated: November 17, 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Jonathon Davies
JONATHON M. DAVIES
Assistant Attorney General
State Bar #1102663

KATHRYN A. PFEFFERLE
Assistant Attorney General
State Bar #1097651

Attorneys for State Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-8125 (Davies)
(608) 267-2070 (Pfefferle)
(608) 294-2907 (Fax)
Jonathon.Davies@wisdoj.gov
Kathryn.Pfefferle@wisdoj.gov