# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAMONTA JENNINGS,

              Plaintiff,

v.

CHARLES DOMBECK, LAURA SUKOWATY, ROBERT WEINMAN, MARY MOORE, BETHANY SOUTH, ASHLEY HASELEU, and DANIEL LAVOIE,

              Defendants.

Case No. 22-CV-1205-JPS

**ORDER**

Plaintiff Damonta Jennings, a prisoner incarcerated at Waupun Correctional Institution ("WCI") filed a pro se complaint under 42 U.S.C. § 1983 alleging that various defendants violated his constitutional rights. ECF No. 1. On August 28, 2023, the Court screened the complaint and allowed Plaintiff to proceed on an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Charles Dombeck ("Dombeck"), Laura Sukowaty ("Sukowaty"), Robert Weinman ("Weinman"), Mary Moore ("Moore"), Bethany South ("South"), Ashley Haseleu ("Haseleu"), and Daniel LaVoie ("LaVoie"). ECF No. 16 at 7. On February 28, 2025, the Court appointed pro bono counsel to represent Plaintiff. ECF No. 60.

Now pending before the Court are Defendants' two separate motions for summary judgment, filed on October 3, 2025. Dombeck, Sukowaty, Weinman, Moore, Haseleu, and LaVoie (the "State Defendants") filed the first motion for summary judgment. ECF No. 77. South filed the

second motion for summary judgment. ECF No. 79. On November 3, 2025, Plaintiff filed two corresponding briefs in opposition. ECF Nos. 89, 90. The State Defendants and South filed reply briefs on November 17, 2025. ECF Nos 93, 95. On November 18, 2025, counsel for Plaintiff filed a letter in response to the reply briefs. ECF No. 96.

The Court's scheduling order provides specific protocols for summary judgment in this branch of the court. The order requires that the parties must meet and confer at least forty-five days prior to filing a motion for summary judgment and to create a single, agreed-upon statement of facts. ECF No. 63 at 2-4. In line with this District's Local Rules, the scheduling order also permitted the parties to "*jointly* submit a single, itemized statement of disputed facts, written in list form, which is to be filed by the movant at the time the motion is due." *Id.* at 4 (emphasis added); *see also* Civ. L.R. 56(b)(1)(C). "Each itemized, disputed fact should be supported by *each party's* separate pinpoint citation(s) to the record." ECF No. 63 at 4–5 (emphasis added). The Court explains that "[p]reparation of this list does not mean that either party concedes that any itemized disputed fact is material or genuinely disputed." *Id.* at 5. The Court further explains that "[i]f the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate." *Id.* (citing Fed. R. Civ. P. 56(a)).

Here, the parties filed stipulated proposed findings of fact, ECF No. 86, proposed disputed findings of fact, ECF No. 84, Plaintiff's own proposed findings of fact, ECF No. 88, and Defendants' responses to Plaintiff's facts, ECF Nos. 92, 94. Plaintiff's proposed findings of fact do not appear to be in dispute as they refer to portions of Defendants' own depositions; it is not clear why there were not included with the undisputed

facts. Defendants' object to Plaintiff's proposed findings of fact for their failure to comply with the Court's protocols. In response, Plaintiff's counsel explains his belief that Defendants' disputed facts "constituted the defendants' itemized list of disputed facts and did not require a response." ECF No. 96 at 2. Plaintiff's counsel also explains that he received Defendants' joint facts only days before the summary judgment deadline and that he only received Defendants' disputed facts via e-filing. *Id*. Defendants indicated in their proposed disputed facts that "Plaintiff has not provided citations to evidence refuting the following proposed findings." ECF No. 87 at 1 n1.

The Court will deny the motions for summary judgment, without prejudice, for the failure to comply with the Court's summary judgment protocols. The Court acknowledges the significant work the parties have put into their summary judgment filings thus far and certainly does not wish to create unnecessary work for either party. However, the parties' submissions clearly indicate that there is still work to be done regarding the joint statement of facts and the parties' respective positions on the proposed disputed facts. The Court took great care when creating its summary judgment procedures in order to ensure that precious judicial resources are preserved. Every litigant is certainly entitled to his or her day in court; they are not entitled, however, to disregard Court orders and to take an unfair share of judicial resources. In this instance, the parties have failed to comply with the Court's summary judgment requirements regarding factual submissions and instead seek the Court to do their work for them; the Court declines to do so.

Based on the Court's initial review of the summary judgment filings, this does not appear to be a case where the majority of facts are in dispute.

The parties must work together to create a joint statement of undisputed facts that encompasses all material facts, including, if appropriate, relevant deposition testimony, and to then identify any material disputes of fact. The Court expects both sides to work collaboratively to accomplish this task without further Court involvement. Either party may refile motions for summary judgment on or before **January 20, 2026**. The parties remain obligated to comply with the Court's summary judgment protocols.

Accordingly,

**IT IS ORDERED** that the State Defendants' motion for summary judgment, ECF No. 77, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant South's motion for summary judgment, ECF No. 79, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that either party may refile motions for summary judgment on or before **January 20, 2026**.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge