# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAMONTA JENNINGS,

    Plaintiff,

v.

    Case No. 22-CV-1205-JPS

CHARLES DOMBECK, LAURA
SUKOWATY, ROBERT WEINMAN,
MARY MOORE, BETHANY SOUTH,
ASHLEY HASELEU, and DANIEL
LAVOIE,

    **ORDER**

    Defendants.

Plaintiff Damonta Jennings, an inmate confined at Waupun Correctional Institution ("WCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated when he was not provided adequate medical treatment. ECF No. 1. On April 10, 2024, the Court granted Plaintiff's motion to appoint counsel. ECF No. 41. The Court recruited counsel for the purposes of discovery and summary judgment and later appointed Attorney Wesley E. Haslam to represent Plaintiff. ECF No. 60. On March 23, 2026, the Court granted Defendants' motion for summary judgment, dismissed the case, and entered judgment accordingly. ECF Nos. 109, 110. On April 17, 2026, Plaintiff filed a pro se notice of appeal. ECF No. 114. On April 22, 2026, the Court terminated Attorney Haslam as the attorney of record. ECF No. 118. On June 5, 2026, Plaintiff filed a letter requesting help with his appeal and a motion for Attorney Haslam to turn over discovery material. ECF No. 122.

Plaintiff's seeks assistance with his appeal and for the Court to intervene in his relationship with Attorney Haslam. This case is closed and currently on appeal; Plaintiff should direct his request for help with his appeal directly to the Seventh Circuit. Additionally, the Court will deny without prejudice Plaintiff's request for Attorney Haslam to turn over case materials. As this Court has previously observed, "non-parties to an action may be compelled to provide requested documents with a subpoena." *Chagoya v. United States*, No. 22-CV-356-JPS, 2022 WL 17403632, at *11 (E.D. Wis. Dec. 2, 2022). Attorney Haslam is not a party to this case and Plaintiff may serve a subpoena on his attorney if he wishes to compel documents.

The Court notes, however, that "it is [Plaintiff's] defense counsel's ethical duty to turn over his case file to him." *See id.* The Wisconsin ethical rules for attorneys provide that, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests ... [including] surrendering papers and property to which the client is entitled." Wis. Sup. Ct. R. 20:1.16(d). The Court will therefore deny Plaintiff's request without prejudice. *See United States v. Freeman*, No. 19-CR-103-PP, 2024 WL 773752, at *2 (E.D. Wis. Feb. 26, 2024) (denying motion to compel counsel to surrender the case file without prejudice). The Court will send a copy of this Order to Attorney Haslam.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for Attorney Haslam to turn over discovery material, ECF No. 122, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to Attorney Haslam.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge